UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
VINCENT E. HENRY,

Plaintiff,

v.

LONG ISLAND UNIVERSITY,

Defendant.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-4618-SJB-LGD

**BULSARA, United States District Judge:**

Plaintiff Vincent E. Henry filed this discrimination action against his former employer Defendant Long Island University ("LIU"), alleging that he was forced to resign because of his age and in retaliation for his request for accommodation after the program in which he taught was discontinued. He asserts claims for violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). LIU has moved to dismiss all his claims. (Def.'s Mem. in Supp. of Mot. to Dismiss dated Nov. 20, 2025 ("Def.'s Mot."), Dkt. No. 19-2). For the reasons explained below, the motion is granted. Furthermore, the Court imposes sanctions on counsel for their use of fake, nonexistent cases.

## LEGAL STANDARD

"To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

This pleading requirement "does not impose a probability standard at the motion-to-dismiss stage." *Mosaic Health, Inc. v. Sanofi-Aventis U.S., LLC*, 156 F.4th 68, 77 (2d Cir. 2025) (noting that plausibility does not equate to probability). And "on a Rule 12(b)(6) motion it is not the province of the court to dismiss the complaint on the basis of the court's choice among plausible alternatives. Assuming that [plaintiff] can adduce sufficient evidence to support its factual allegations, the choice between or among plausible interpretations of the evidence will be a task for the factfinder." *Id.* (quotations omitted).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For the purpose of this motion, the Court is "required to treat" the Plaintiffs' "factual allegations as true, drawing all reasonable inferences in favor of [Plaintiffs] to the extent that the inferences are plausibly supported by allegations of fact." *In re Hain*

*Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021). The Court "therefore recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the court, as we have no way of knowing at this stage what are the true facts." *Id.*

Henry began his employment as a professor at LIU in 2004 and received tenure in 2009. (Compl. dated Aug. 19, 2025, Dkt. No. 1 ¶ 10). He is the founding director of the Homeland Security Management Institute ("HSMI"), LIU's first fully online graduate program which has trained hundreds of homeland security professionals over the last two decades. (*Id.* ¶¶ 10–11).

As a 9/11 first responder, Henry alleges that he suffers from multiple chronic conditions, including respiratory and gastrointestinal impairments. (*Id.* ¶ 17). In May 2024, he submitted a formal request for a reasonable accommodation to LIU's Human Resources Department along with medical documentation from his treating physician. (*Id.* ¶ 18). On August 24, 2024, LIU's Director of Benefits confirmed in writing that Henry could continue working remotely as a professor for the Fall of 2024. (*Id.* ¶ 19). Henry alleges that he immediately clarified that the accommodation he sought was not for remote work for his program, which was already online, but for permission to teach in other departments, in anticipation of the program's termination. (*Id.* ¶ 20).

On August 30, 2024, days before the beginning of the Fall 2024 semester, LIU's Chief Operating Officer summoned Henry to a meeting and presented him with a pre-drafted resignation agreement, requiring same-day execution or immediate termination. (Compl. ¶ 23; *see also* Henry & LIU Agreement ("Agreement"), attached to Aff. of

Douglas Catalano as Ex. B, Dkt. No. 19-1)[1]. Henry alleges that LIU threatened to immediately terminate his employment if he did not agree to resign on August 30, 2025. (Compl. ¶ 21).

The Agreement states that Henry agreed to teach the remaining students in HSMI for the upcoming school year and that LIU would provide compensation and benefits for a full workload, regardless of the number of students in the class. (Agreement ¶¶ 1–2). Henry agreed to retire from his position at LIU effective August 31, 2025 and LIU agreed to rescind and expunge his termination and letter of termination dated August 30, 2024. (*Id.* ¶¶ 3, 6). Henry also agreed to waive all claims arising out of his employment up to and including the date of execution. (*Id.* ¶ 8).

The Agreement was signed by both parties on September 10, 2024, but it was retroactively made effective as of August 30, 2024. (*Id.*). Henry alleges that he signed the Agreement, despite his counsel's warning, as he was under "severe economic and professional duress" and was concerned for "student continuity during HSMI's wind-down." (Compl. ¶ 25). On April 15, 2025, Henry filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 35; Charge of Discrimination, attached to Pl.'s Resp. to Def.'s Mot. for Premotion Conference dated Oct. 6, 2025, Dkt. No. 13).

---

[1] While the Agreement was not attached to the Complaint, it is incorporated by reference and considered here. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[O]n a motion to dismiss, a court may consider documents attached to the complaint as an exhibit or incorporated in it by reference" where a plaintiff "reli[es] on the terms and effect of a document in drafting the complaint." (quotation omitted)).

Henry commenced this action on August 20, 2025. (Compl.). He asserts three causes of action: (1) discrimination in violation of the ADEA; (2) retaliation in violation of the ADA; and (3) constructive discharge and retaliation in violation of the ADA, the ADEA, and Title VII. (*Id.* ¶¶ 37–39).

Henry previously sought a temporary restraining order and preliminary injunction. (*Id.* ¶¶ 26–32; Mot. for TRO dated Aug. 20, 2025, Dkt. No. 2). He sought to enjoin LIU from enforcing or relying upon the August 30, 2024 resignation agreement in terminating his employment. (Compl. at 9). The Court denied the motion. (Order dated Aug. 20, 2025).

LIU first sought dismissal of the Complaint in requesting a premotion conference on September 17, 2025. (Def.'s Mot. for Premotion Conference, Dkt. No. 9). The Court concluded that a premotion conference was unnecessary and ordered full briefing on LIU's motion to dismiss. (Order dated Oct. 23, 2025). The parties completed briefing on January 9, 2026. (Def.'s Mot.; Pl.'s Mem. in Opp'n to Def.'s Mot. dated Dec. 18, 2025 ("Pl.'s Opp'n"), Dkt. No. 20; Def.'s Mem. in Reply dated Jan. 9, 2026 ("Def.'s Reply"), Dkt. No. 21).

## DISCUSSION

### I. ADA and Title VII

LIU moves to dismiss Henry's ADA and Title VII claims for failure to exhaust administrative remedies. (Def.'s Mot. at 6).

"Before a plaintiff can file a federal court complaint under Title VII [or the ADA], he must exhaust his administrative remedies by filing a charge with the EEOC and

receiving a right-to-sue letter." *See Staten v. Patrolmen's Benevolent Ass'n of City of N.Y., Inc.*, 736 F. App'x 17, 18 (2d Cir. 2018); *see also* 42 U.S.C. § 2000e-5(e)(1), (f)(1); 42 U.S.C. § 12117(a) (incorporating into the ADA the filing requirements for Title VII claims). "[E]xhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's [and the ADA's] statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." *Bey v. Welsbach Elec. Corp.*, 38 F. App'x 690, 692 (2d Cir. 2002) (quotation omitted); *Stewart v. U.S. INS*, 762 F.2d 193, 198 (2d Cir. 1985) (explaining that the "purpose of the exhaustion requirement" is to "give the administrative agency the opportunity to investigate, mediate, and take remedial action").

Although Henry submitted an EEOC charge against LIU, (Compl. ¶ 35), he has failed to allege or otherwise submit proof that that he received a right-to-sue letter from the agency. He claims that he "fully complied with all administrative prerequisites," (Pl.'s Opp'n at 20),[2] but provides nothing more than this conclusory assertion. *See Ashmeade v. Amazon.com.*, No. 23-CV-4331, 2024 WL 4266391, at *11 (S.D.N.Y. Sep. 23, 2024) (rejecting a conclusory assertion that plaintiff exhausted administrative remedies). Because he has no right-to-sue letter, he has failed to exhaust his remedies; his claims under the ADA and Title VII are dismissed. *See, e.g.*, *Howell v. 1199 Union*, No. 14-CV-0174, 2015 WL 273655, at *5 (S.D.N.Y. Jan. 16, 2015) (dismissing Title VII discrimination claim where plaintiff failed to obtain right-to-sue letter); *Chiari v. N.Y. Racing Ass'n Inc.*,

---

[2] Henry's brief contains no internal page numbers so the Court relies on the page numbers assigned by the Electronic Case Filing system.

972 F. Supp. 2d 346, 362–63 (E.D.N.Y. 2013) (dismissing ADA claim where plaintiff failed to obtain a right-to-sue letter and provided no reason for this failure) (adopting report and recommendation).[3]

Henry had multiple opportunities to address the omission, (*see* Def.'s Mot. for Premotion Conference at 2; Def.'s Mot. at 6), but failed to do so.[4] He does not seek leave to amend or otherwise indicate that the issue could be resolved through further amendment. As such, the Court finds amendment futile and therefore dismissal with prejudice of the Title VII and ADA claims is warranted. *See, e.g.*, *Grey v. Promenade Rehab. & Care Ctr.*, 145 F. App'x 705, 706–07 (2d Cir. 2005) (affirming dismissal with prejudice of Title VII and ADA claims for failure to exhaust where plaintiff failed to indicate any effort to obtain a right-to-sue letter despite opportunities to offer an explanation); *Williams v. Samaritan Daytop Vill. Woodside Senior Ctr.*, No. 23-CV-10323, 2026 WL 490245, at *3 (S.D.N.Y. Jan. 30, 2026) (dismissing Title VII claims with prejudice given that plaintiff failed to allege that he received a right-to-sue letter, despite previous

---

[3] Henry argues that there are no exhaustion issues with his Title VII and ADA claims because he invoked this Court's jurisdiction under 42 U.S.C. § 2000e-5(f)(2) in seeking injunctive relief. (Pl.'s Opp'n at 24). But that provision, which Henry incorrectly reproduces, grants "the Commission, or the Attorney General" the authority to bring an action for temporary or preliminary relief pending a final disposition of the charge. *See* 42 U.S.C. § 2000e-5(f)(2). It does not grant the *employee* this authority or otherwise excuse obtaining a right-to-sue letter.

[4] Henry dedicates much of his brief to attacking a strawman: that he timely filed an EEOC charge and that the ADEA does not require EEOC action to commence suit. (Pl.'s Opp'n at 20–23, 25–27). But LIU does not contest the timeliness of the EEOC Charge nor administrative exhaustion of the ADEA claim. (Def.'s Reply at 2).

order noting failure to exhaust administrative remedies), *report and recommendation adopted*, 2026 WL 489523, at *1 (Feb. 20, 2026).[5]

## II. ADEA

Henry also asserts claims for discrimination, retaliation, and constructive discharge in violation of the ADEA. (Compl. ¶¶ 37, 39). LIU challenges each claim as insufficiently pled. (Def.'s Mot. at 13–17).

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To survive a motion to dismiss, a plaintiff must plausibly allege (1) that the employer took adverse employment action and (2) that such action would not have occurred "but for his age." *Lively v. WAFRA Inv. Advisory Grp.*, 6 F.4th 293, 303 (2d Cir. 2011) ("[I]t is not sufficient for a plaintiff to show that 'age was simply a motivating factor' in the employer's adverse action." (quoting *Gross v. FBL Fin. Sevs.*, 557 U.S. 167, 174 (2009))). To meet this standard, plaintiff is required to plead enough facts that might plausibly support a "minimal inference of but-for causality between his age and his termination." *Marcus v. Leviton Mfg. Co., Inc.*, 661 Fed. App'x 29, 32 (2d Cir. 2016) (quotations omitted).

---

[5] The parties dispute the validity of the release in the Agreement wherein Henry agreed to waive "all claims arising out of his employment up to and including the effective date of [the] letter." (Agreement ¶ 8; Def.'s Mot. at 7; Pl.'s Opp'n at 29). The Title VII and ADA claims are dismissed regardless of the validity of the release and the Agreement is otherwise inapplicable to the ADEA claim, because it does not contain a 21-day waiting period. *See* 29 U.S.C. § 626(f)(1)(F)(i) ("[A] waiver may not be considered knowing and voluntary unless . . . the individual is given a period of at least 21 days within which to consider the agreement."); (Def.'s Reply at 4 n.3).

Henry alleges that LIU discriminated against him based on his age by coercing his resignation and threatening to fire him immediately following his accommodation request. (Compl. ¶¶ 21, 37). Henry fails to allege that his age was the but-for cause. Remarkably, the Complaint does not even allege his age.[6] But even if he had alleged that he was over 40 years old, his age alone is insufficient to allege discrimination. *See, e.g.*, *Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420, 465–66 (S.D.N.Y. 2010) (dismissing ADEA claim where plaintiffs "merely allege[d] that [they were] over 40 years of age and were replaced by younger teachers") (adopting report and recommendation). He alleges that he was "uniquely targeted for removal" because of his age, (Pl.'s Opp'n at 42), but he cites to no age-based comments, no replacement by a younger candidate, or anything else that would lead to an inference of age discrimination, *see, e.g.*, *Chui v. Publicis Groupe S.A.*, No. 24-CV-6767, 2025 WL 2711197, at *4 (S.D.N.Y. Sep. 23, 2025) (dismissing claim where plaintiff failed to allege that the employer "gave more favorable treatment to similarly situated younger employees, or replaced him with a younger employee after he was fired"). To the extent Henry had a "subjective belief that [he] was the victim of discrimination" on the basis of age, this belief, "no matter how strongly felt, is insufficient to satisfy the burden of offering

---

[6] Henry makes several factual allegations for the first time in his opposition brief, including allegations that he was over 60 years old and "nearing retirement age." (Pl.'s Opp'n at 15, 42). Using a brief to amend the complaint is impermissible. *See JBrick, LLC v. Chazak Kinder, Inc.*, No. 21-CV-2883, 2022 WL 17177854, at *4 n.3 (E.D.N.Y. Nov. 23, 2022) ("[I]t is well-settled that a plaintiff cannot amend his complaint by asserting new facts or theories for the first time in opposition to a motion to dismiss." (quotation omitted)). And in any event, none of these asserted facts give rise to an inference of age discrimination.

evidence that could plausibly support an inference of discrimination." *Allen v. City of New York*, No. 19-CV-3786, 2024 WL 3965697, at *7 (S.D.N.Y. Aug. 28, 2024) (quotation omitted). This claim is dismissed. *See Bernstein v. N.Y.C. Dep't of Educ.*, No. 21-2670, 2022 WL 1739609, at *1 (2d Cir. May 31, 2022) (affirming dismissal of an age discrimination claim where the plaintiff "fail[ed] to allege that he was mistreated because of his age").[7]

To state a claim for retaliation under the ADEA, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (quotation omitted). A plaintiff engages in protected activity under the ADEA if he has "a good faith, reasonable belief that he was opposing an employment practice made unlawful by . . . the ADEA." *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006) (quotation omitted). Here, Henry alleges that the "resign or be fired" ultimatum was issued to him days after his accommodation was granted, "demonstrat[ing] intent to retaliate." (Compl. ¶ 39). LIU argues that such an activity is not ADEA-protected activity, since it had nothing to do with his age, (Def.'s Mot. at 17); Henry does not respond. The Court agrees with LIU: there is no allegation that the activities Henry engaged in were related to those activities the ADEA intends to protect from retaliation. *See, e.g.*, *Bernheim v.*

[7] Henry's separate claim for constructive discharge, (Compl. ¶ 39), also a form of ADEA discrimination, fails for the same reason.

*N.Y.C. Dep't of Educ.*, No. 19-CV-9723, 2021 WL 2619706, at *7 (S.D.N.Y. June 25, 2021) (dismissing an ADEA retaliation claim where plaintiff's disability accommodation request did not involve plaintiff's age), *report and recommendation adopted*, 2021 WL 4198126 (Sep. 15, 2021); *Lopez v. N.Y.C. Dep't of Educ.*, No. 17-CV-9205, 2020 WL 4340947, at *10 (S.D.N.Y. July 28, 2020) ("Plaintiff has not plausibly alleged that he engaged in protected activity under the ADEA because he has not provided any facts demonstrating that he believed that he was opposing an employment practice made unlawful by the ADEA." (quotation omitted)).

Henry's ADEA claims are dismissed.

* * *

Henry's briefing relies on several fake, non-existent cases.

On January 8, 2026, Henry's counsel filed a letter making corrections to citations in the opposition brief. (Pl.'s Notice of Correction ("Pl.'s Citation Letter"), Dkt. No. 18). The letter noted that opposing counsel had identified several "citation errors" that they now sought to correct. (*Id.* at 1). While counsel purported to take "full responsibility for these errors," the letter fails to acknowledge the gravity of the misrepresentations:

- Counsel cited to *Nichols v. Princeton Int'l Ins. Agency, Inc.*, 2005 WL 1377986, at *4 (S.D.N.Y. June 9, 2025), for the proposition that a "resign-or-be-fired ultimatum creates duress invalidating release." (Pl.'s Opp'n at 31). But the Westlaw citation corresponds to a transcription of testimony before the Committee on Senate Agriculture. *See* 2005 WL 1377986. Counsel asserts that the reference was a "typographical error," but the "corrected authority" differs in both name and citation. (Pl.'s Citation Letter at 1 (citing *Nicholas v. Nynex, Inc.*, 929 F. Supp. 727 (S.D.N.Y. 1996))).

- Counsel cited to *Kruchowski v. Weyerhaeuser Co.*, 423 F.3d 169, presenting it as a Second Circuit case. (Pl.'s Opp'n at 11). Counsel now acknowledges that the case is actually from the Tenth Circuit with a different citation. (Pl.'s

Citation Letter at 2 (citing *Kruchowski v. Weyerhaeuser Co.*, 423 F.3d 1139 (10th Cir. 2005))). It is only then that counsel acknowledges that the opinion was subsequently withdrawn and superseded by a revised opinion in 2006. *See Kruchowski v. Weyerhaeuser Co.,* 446 F.3d 1090 (10th Cir. 2006).

- Counsel cited to *Torrence v. Kuehne v. Nagel, Inc.*, 2008 WL 4185502, at *5 (E.D.N.Y. Sep. 5, 2008). (Pl.'s Opp'n at 33). Counsel now states that "[u]pon further review," counsel was "unable to verify this authority and therefore no longer relies on it." (Pl.'s Citation Letter at 2). But the case plainly does not exist. *See* 2008 WL 4185502 (a copy of a declaration filed in the Central District of California). Counsel attempts to correct the authority with new cases. But the only new precedential citation does not come close to supporting his original proposition. *See Bormann v. AT&T Commc'ns, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989) (addressing only consideration as to whether an employer had an opportunity to consult an attorney).

Instead of taking accountability for what appears to be counsel's reliance on artificial intelligence, counsel brushes off these misrepresentations to the Court as simple "citation errors," "typographical" in nature. (Pl.'s Citation Letter at 1). Counsel further represented to the Court that they had "verified the accuracy of all remaining citations in the brief," but that they would be "conducting a comprehensive review" and promised to "promptly notify the Court and counsel of any additional errors discovered." (*Id.* at 4). Yet, in the almost nine months since, no additional filings were made, despite several other significant misrepresentations in Henry's brief:

- Citation to *Haynes v. Shoney's Inc.*, 63 F.3d 136, 139–40 (D.C. Cir. 1995), (Pl.'s Opp'n at 12), which the Court could not confirm exists, finding only a Northern District of Florida case by the same name.

- Quoting language in *Williams v. New York City Housing Authority*, 458 F.3d 67, 69 (2d Cir. 2006) ("exhaustion is satisfied when charge is timely filed with EEOC"), (Pl.'s Opp'n at 21), that is not found in the decision.

- Citation to *Loewen v. Gallaudet University*, 2012 WL 1565506, at *6 (D.D.C. May 3, 2012), (Pl.'s Opp'n at 32), which the Court could not confirm exists.

- Quoting language in *Butcher v. Gerber Prods. Co.*, 8 F. Supp. 2d 307, 314 (S.D.N.Y. 1998) ("Strict compliance is required; a greater period of time or abbreviated period does not satisfy the Act."), (Pl.'s Opp'n at 39), that is not found in the decision.

- Citation to *Stewart v. MPI Techs., Inc.*, No. 09-CV-7967, 2010 WL 3910243, at *6 (S.D.N.Y. Sep. 29, 2010), (Pl.'s Opp'n at 40–41), which the Court could not confirm exists.

- Quoting language in *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 123–24 (2d Cir. 2001) ("A contract is voidable on the ground of duress if [the party] was forced to agree to it by means of a wrongful threat . . . However, a party loses the power to rescind the contract if he does not promptly repudiate it after the duress has ceased."), (Pl.'s Opp'n at 40), that is not found in the decision.

- Citation to *Proformance Ins. Co. v. Jones*, 549 F. Supp. 2d 235, 243 (W.D.N.Y. 2008), (Pl.'s Opp'n at 41), which the Court could not confirm exists, finding only a Supreme Court of New Jersey case by the same name.

- Citation to *Jiggetts v. CUNY*, 12 F. Supp. 2d 286, 290 (E.D.N.Y. 1998), (Pl.'s Opp'n at 45), which the Court could not confirm exists.

- An incomplete citation to *Scheuer v. Trustees of CUNY*, 2001 WL 1223728, (Pl.'s Opp'n at 45), which the Court could not confirm exists.

In light of Henry's dismissal of his counsel, (*see* Pl.'s Letter dated June 23, 2026, Dkt. No. 24; *see also* Mot. to Withdraw as Att'y dated July 23, 2026, Dkt. No. 27), the Court declines to impose any monetary or other punishment at this time. But it takes very seriously counsels' actions, and the lack of accountability. **As a penalty for misconduct, for the next two years counsel affiliated with the filings containing fake**

**cases[8]—Karen Lynn Mizrahi and Brett R. Leitner—must file a copy of this opinion in any case filed in the Eastern District of New York in which they make an appearance**.

CONCLUSION

For the reasons explained above, LIU's motion to dismiss is granted. Henry's claims under the ADA and Title VII are dismissed with prejudice. Henry is granted leave to amend his Complaint as to his ADEA claims and must file an amended complaint on the docket by **October 14, 2026**. And the Court imposes sanctions as indicated above.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: September 14, 2026
Central Islip, New York

---

[8] Adding to counsels' disregard for the rules, the opposition brief is unsigned. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name[.]"). As such, the Court cannot discern the specific attorney responsible for the brief. Brett Leitner's name and signature is affixed to the Notice of Motion and Affirmation that accompanies the brief, (Pl.'s Opp'n at 2, 58), and Karen Mizrahi's name is listed on the cover page, (*id.* at 3), and her signature is on the letter noting citation corrections, (Pl.'s Citation Letter at 4).